


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHNNIE HUTCHINSON,
        Plaintiff,

v.

PHILADELPHIA POLICE DEPT., et al..,
        Defendants.

Civ. No. 08-2177

## MEMORANDUM ORDER

Plaintiff, an inmate at the State Correctional Institution at Albion (SCI-Albion), seeks to bring a civil action *in forma pauperis*,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983 and other federal civil rights statutes. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must, over time, pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). The prisoner

---

[1] Suits brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint so the court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* The court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of– (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial information, an initial partial filing fee of $5.52 would be assessed if the court granted plaintiff's petition.[2] Thereafter, each time that the balance in plaintiff's inmate account exceeded $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month would be deducted and forwarded to the Clerk of Court until the filing fee were paid in full.

The court notes that actions arising under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, are subject to the statute of limitations prescribed for personal-injury actions in the state in which the relevant events occurred.[3] *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Here, the complaint revolves around events that occurred in Philadelphia,

---

[2] $5.52 is 20 percent of the average monthly deposits listed on plaintiff's account.

[3] The court also notes that 42 U.S.C. § 1984 no longer exists, and that 42 U.S.C. § 1987 does not provide a private right of action.

-2-

Pennsylvania in 1976. The Pennsylvania statute of limitations is two years. 42 Pa. Cons. Stat. § 5524. Thus, it would appear that, as it is now 2008, plaintiff's claims are likely time-barred. This is not to say that the court has decided that the claims are time-barred. Plaintiff may be able to assert some reason for not applying the statute of limitations; plaintiff should recognize, however, that, at first blush, his claims appear to be barred.

Plaintiff may not have been aware that he would be required, over time, to pay the full filing fee. In light of the difficulties plaintiff will likely have in maintaining this action, the court will not grant plaintiff's motion to proceed *in forma pauperis* without first ensuring that plaintiff understands (a) that electing to proceed will result in his being required to pay the full fee, and (b) that, even if plaintiff's claim is dismissed, he will not be able to get his filing fee back, and will still be required to pay it in its entirety.

The court will give plaintiff thirty days from the date of this order to decide whether he wants to proceed with this case. If by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

* * * * *

AND NOW, this 20 day of June, 2008, hereby ORDERED that:

1.　The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2.   If plaintiff, within thirty days of this order, files notice with this court that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3.   The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

Pollak, J.